2011-02491
FILED
July 08, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003620063

3

Law Offices of
FRALEY & FRALEY
Gary Ray Fraley, SBN 80056
Andrew D. Grossman, SBN 258671
1401 El Camino Ave., Suite 370
Sacramento, CA 95815
telephone: (916) 485-5444
facsimile: (916) 485-8969
e-service: FraleyandFraley@gmail.com
Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                                           Case No. 11-27821

Juan Martinez
Maria Jimenez,

                Debtors
_____/

Jose Lule,

                Plaintiff,

v.

Juan Martinez and
Maria Jimenez,

                Defendants
_____/

**COMPLAINT OBJECTING TO DISCHARGE**

By and through counsel, Jose Lule, Plaintiff, avers as follows:

1.    Defendants are the Debtors in the above-captioned case.

2.    This is an adversary proceeding in which Plaintiff, a Creditor in this case, is objecting to the discharge of Defendants. This is a core proceeding over which the Court has jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334.

## FIRST CAUSE OF ACTION

3. On or about March 7, 2008, Defendants transferred to Abel Santiago, Defendants' relative, real property (hereinafter PROPERTY) commonly known as 1632 N. Beale Road, Marysville, CA 95901 and fully described in Exhibit A, which is incorporated as though fully set out in this motion.

4. The PROPERTY was transferred without consideration.

5. Defendants made the transfer of the PROPERTY with the intent to hinder, delay or defraud a creditor or their chapter 7 trustee.

6. The discharge of Defendants should be denied under section 727(a)(5).

## SECOND CAUSE OF ACTION

7. Since making the transfer described in the First Cause of Action, Defendants deliberately concealed the transfer from Plaintiffs with the intent to hinder, delay, or defraud them from collecting their debt. As recently as February, 2011, and multiple times prior to that time, Defendant represented to Plaintiff that the PROPERTY still belonged to Defendants, and was still for sale, but that a buyer had not been found.

8. At the time the representations in Paragraph 7 were made, Defendants knew that those representations were false, and made those representations to hinder, delay, or defraud Plaintiffs.

9. The discharge of Defendants should be denied under section 727(a)(2).

## THIRD CAUSE OF ACTION

10. Plaintiff has personal knowledge that within six years prior to the above-captioned bankruptcy filing, Defendant owned and operated a restaurant business at the PROPERTY.

9. On or about May 9, 2011, Defendants knowingly and fraudulently made a false oath in their bankruptcy case when, under penalty of perjury, Defendants certified their Statement of Financial Affairs was true and correct, when in truth and fact, as the Defendants

then well knew, the Statement of Financial Affairs omitted any reference to the restaurant business owned and operated by the Defendants within the six year period preceding their bankruptcy filing.

10. As provided in 28 U.S.C. §1746, such certification had like force and effect as an oath.

11. The discharge of Defendants should be denied under section 727(a)(4).

## FOURTH CAUSE OF ACTION

12. Plaintiffs have personal knowledge that Defendant Juan Martinez was employed as recently as March, 2011 at Iguana's Mexican Restaurant.

13. On or about May 9, 2011, Defendants knowingly and fraudulently made a false oath in their bankruptcy case when, under penalty of perjury, Defendants certified that their Statement of Financial Affairs and other supporting documents were true and correct, when in truth and fact, as the Defendants then well knew, the Statement of Financial Affairs omitted any reference to this employment, and no employment income from this job was reported on Form 22B. In fact, the Statement of Financial Affairs disclosed that no income of any source was received during 2011 prior to filing, a fact which the Defendants knew to be false.

14. As provided in 28 U.S.C. §1746, such certification had like force and effect as an oath.

15. The discharge of Defendants should be denied under section 727(a)(4).

WHEREFORE, Plaintiff requests judgment denying Defendants' discharge and for such other relief as is just.

Respectfully submitted,

Dated: 7/8/2011

_____
Gary Ray Fraley, Esq.